UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RYAN GORDON, individually and on behalf of all other persons similarly situated who were employed by CHUCK AGENCY, LLC, SEEN OUTDOOR MEDIA, LLC, and JAY HELEVA, and any other entities affiliated with or controlled by CHUCK AGENCY, LLC, SEEN OUTDOOR MEDIA, LLC, and JAY HELEVA,

                      Plaintiffs,

v.

CHUCK AGENCY, LLC, SEEN OUTDOOR MEDIA, LLC, and JAY HELEVA, and any other entities affiliated with or controlled by CHUCK AGENCY, LLC, SEEN OUTDOOR MEDIA, LLC, and JAY HELEVA,

                      Defendants.

Docket No. 16-cv-4837 (PKC)(SN)

---

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

       Plaintiff Ryan Gordon ("Plaintiff") and Defendants Chuck Agency, LLC, Seen Outdoor Media, LLC and Jay Heleva (collectively "Defendants" and together with Plaintiff, the "Parties") desire to settle and resolve fully all claims that have been or could have been brought against Defendants by Plaintiff, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's claims against Defendants in the lawsuit captioned *Gordon v. Chuck Agency, LLC et al.*, Case No. 16-cv-4837 (PKC)(SN), pending in the United States District Court for the Southern District of New York ("Lawsuit"). Therefore, in consideration of the foregoing, Plaintiff and Defendants agree as follows:

       1.    **Consideration.**  In consideration for Plaintiff's timely signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release and waiver of claims, Defendants agree to provide Plaintiff with the total settlement sum of Forty-Two Thousand Five Hundred Dollars and Zero Cents ($42,500.00) in consideration for and in full satisfaction of all claims Plaintiff may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of his execution of the Agreement. Such payment shall be apportioned among Plaintiff and Plaintiff's counsel as follows:

             (a) One check made payable to "Ryan Gordon" in the amount of Twelve Thousand Two-Hundred and Fifty Dollars and Zero Cents Cents ($12,250.00), less applicable taxes and withholdings, in full satisfaction of all Fair Labor

Standards Act ("FLSA") and New York Labor Law ("NYLL") claims Plaintiff may have for wages allegedly owed, which shall be reportable on an IRS Form W-2;

(b) One check made payable to "Ryan Gordon" in the amount of Twelve Thousand Two-Hundred and Fifty Dollars and Zero Cents ($12,250.00), in full satisfaction of all FLSA and NYLL claims Plaintiff may have for alleged liquidated damages, penalties and interest, which shall be reportable on an IRS Form 1099; and

(c) One check made payable to "Virginia & Ambinder, LLP, as attorneys for Ryan Gordon" in the amount of Eighteen Thousand and Dollars and Zero Cents ($18,000.00), as payment for attorneys' fees and costs, which shall be reportable on an IRS Form 1099.

(d) The payments set forth in in paragraphs "1(a)," "1(b)," and "1(c)" will be sent to Plaintiff's counsel of record, Virginia & Ambinder, LLP, within thirty (30) days of the latest of the following: (i) Defendants' counsel being in receipt from Plaintiff of two (2) originals of this Agreement executed by Plaintiff, including a Stipulation and Proposed Order of Final Dismissal with Prejudice of Plaintiff's Claims in the form attached hereto as Exhibit "A" executed by Plaintiff's counsel, along with IRS Forms W-9 executed by Plaintiff and Plaintiff's counsel; and (ii) Defendants' counsel being in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Proposed Order of Final Dismissal with Prejudice of Plaintiff's Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

(e) **Indemnification**. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sum set forth in Paragraph "1(b)" above. Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against them in connection with the settlement sum described in Paragraph "1(b)" above. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of All Claims**. Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, their parent companies, subsidiaries and affiliated entities, and each of their current and former employees, officers,

directors, trustees, administrators, executors, agents, owners (including, without limitation, Jay Heleva and all entities for which Mr. Heleva is an owner, officer, director or otherwise affiliated), attorneys, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees") of and from any wage and hour claims which he has or may have against Releasees as of the date of Plaintiff's execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of the FLSA, NYLL, New York Minimum Wage Orders, and any other claim for unpaid wages or overtime or retaliation for reporting alleged unpaid wages or overtime, including attorneys' fees and costs, based upon any conduct occurring up to and including the date of Plaintiff's execution of this Agreement.

4. **Acknowledgments and Affirmations.** Plaintiff affirms that Plaintiff has not filed or caused to be filed, and is not presently a party to any claim against Defendants except for his claims in the Lawsuit, which he agrees to the dismissal of with prejudice.

The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Procedure.** After this Agreement and the Stipulation and Proposed Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement prepared by Plaintiff's counsel, Plaintiff on behalf of the Parties will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

PLAINTIFF IS HEREBY ADVISED IN WRITING THAT HE IS AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH HIS ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH HE AGREES THAT HE HAS DONE.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

RYAN GORDON

Dated: 5/30, 2017

_____
Ryan Gordon

CHUCK AGENCY, LLC

Dated: 6/1, 2017

By: _____

4

Dated: ___6/1___, 2017

SEEN OUTDOOR MEDIA, LLC

By: _____

JAY HELEVA

Dated: ___6/1___, 2017

_____
Jay Heleva

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN GORDON, individually and on behalf of all other persons similarly situated who were employed by CHUCK AGENCY, LLC, SEEN OUTDOOR MEDIA, LLC, and JAY HELEVA, and any other entities affiliated with or controlled by CHUCK AGENCY, LLC, SEEN OUTDOOR MEDIA, LLC, and JAY HELEVA,

Plaintiffs,

v.

CHUCK AGENCY, LLC, SEEN OUTDOOR MEDIA, LLC, and JAY HELEVA, and any other entities affiliated with or controlled by CHUCK AGENCY, LLC, SEEN OUTDOOR MEDIA, LLC, and JAY HELEVA,

Defendants.

Docket No. 16-cv-4837 (PKC)(SN)

## STIPULATION AND PROPOSED ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Ryan Gordon ("Plaintiff") and Defendants Chuck Agency, LLC, Seen Outdoor Media, LLC and Jay Heleva (collectively "Defendants"), by and through their undersigned counsel, that the Negotiated Settlement Agreement and Release in this matter having been reviewed by the Court and found to be fair and reasonable, Plaintiff's claims in the above-captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and Release.

Respectfully submitted,

| | |
|---|---|
| VIRGINIA & AMBINDER, LLP<br>*Attorneys for Plaintiff*<br>40 Broad Street, 7th Floor<br>New York, NY 10004<br>Tel. No. (212) 943-9080<br><br>By: _____<br>Lloyd Ambinder<br>Jack Newhouse<br><br>Dated: 5/30, 2017 | JACKSON LEWIS P.C.<br>*Attorneys for Defendants*<br>666 Third Avenue, 29th Floor<br>New York, NY 10017<br>Tel. No. (212) 545-4000<br><br>By: _____<br>Jennifer B. Courtian<br>Jason A. Zoldessy<br>Douglas J. Klein<br><br>Dated: June 1, 2017 |

SO ORDERED on this _____ day of _____, 2017.

_____
Hon. P. Kevin Castel
United States District Judge

4846-5220-8712, v. 1